**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JABBAR K. POWELL,

                              Plaintiff,

              v.                                              No. 9:10-CV-268
                                                                   (DNH/DRH)
DR. TOM-JOHN DOE 1 et al.,

                              Defendants.

_____

**APPEARANCES:**                                   **OF COUNSEL:**

JABBAR K. POWELL
Plaintiff Pro Se
428 Duane Avenue
Schenectady, New York 12304

SMITH, SOVIK, KENDRICK &            DANIEL R. RYAN, ESQ.
    SUGNET, P.C.
Attorney for Correctional Medical
    Care Defendants
Suite 600
250 South Clinton Street
Syracuse, New York 13202

THUILLEZ, FORD, GOLD, BUTLER &      KELLY M. MONROE, ESQ.
    YOUNG, LLP
Attorney for Defendant Dr. Fricke
20 Corporate Woods Boulevard
Albany, New York 12211

GOLDBERG SEGALLA LLP                JONATHAN M. BERNSTEIN, ESQ.
Attorney for Schenectady County     WILLIAM J. GREAGAN, ESQ.
    Defendants
Suite 300
8 Southwoods Boulevard
Albany, New York 12211-2526

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

                    **REPORT-RECOMMENDATION AND ORDER**

In a letter dated January 6, 2011, defendant Dr. Fricke requested a conference regarding certain discovery issues.  Dkt. No. 48.  A telephone conference was held on February 3, 2011 with counsel for all defendants.  As discussed below, plaintiff pro se Jabbar K. Powell ("Powell") failed to attend.  From that conference and from the record in this case, the following appear.

Powell commenced this action on March 8, 2010 by filing a complaint seeking damages for deprivation of his civil rights in violation of 42 U.S.C. § 1983.  Powell alleged that in March 2008, he was incarcerated at the Schenectady County Correctional Facility after sustaining an injury to his left shoulder, later diagnosed as a tear to his rotator cuff.  Compl. (Dkt. No. 1) at ¶¶ 14-20.  Powell alleges that the injury was caused by the use of excessive force by police officers during his arrest.  Id. at ¶ 24.  Powell alleges that the defendants deliberately denied him medical care and asserts various claims under the United States Constitution and New York State law.  Id. at 10-12.  Powell was granted in forma pauperis status, the defendants were served with process, filed answers, and a scheduling order was issued.  Dkt. Nos. 5, 13, 15-17, 19, 21, 22, 29, 42.  The scheduling order established October 23, 2010 as the deadline for completion of discovery and a deadline of January 21, 2011 for filing dispositive motions.  Dkt. No. 19 at 4.[1]

At the time that the complaint was filed, Powell was an inmate in the custody of the New York State Department of Correctional Services.  Compl. at ¶ 3.  Thereafter, Powell was apparently released from state custody because on May 19, 2010, Powell filed a notice of a change of his address to 857 Strong Street, Schenectady, New York 12307.  Dkt. No.

---

[1]In a text order dated November 1, 2010, these deadlines were extended to March 10, 2010 and May 10, 2010 respectively.

7("Strong Street address").  Two weeks later on June 1, 2010, Powell filed another notice of a change of his address to 428 Duane Avenue, Schenectady, New York 12304.  Dkt. No. 8 (Duane Avenue address").[2]  The Duane Avenue address is the last provided by Powell either to the Court or to defendants' counsel.[3]  On July 12 and 30, 2010, Powell filed motions for the appointment of counsel which was denied in an order filed August 3, 2010.  Dkt. Nos. 20, 23, 24.  The later motion listed Powell's address as the Duane Avenue address.  Dkt. No. 23.  Powell never provided a telephone number or other means by which he could be contacted.

On September 29, 2010, counsel for defendant Dr. Fricke sent a Notice of Deposition to Powell at the Duane Avenue address for a deposition on October 15, 2010.  Dkt. No. 48 at 1.  The date, time, and place of the deposition were confirmed in a second letter date October 4, 2010 also sent to the Duane Avenue address.  Id.  On October 15, 2010, the three attorneys for defendants and a stenographer appeared for the deposition but Powell did not.  Id.  On defendants' motion, a text order was entered on November 1, 2010 extending the deadlines for completion of discovery and filing dispositive motions and advising Powell that if he failed to appear for his deposition a second time, he faced the possibility of sanctions, including dismissal of this action.  Text Order dated Nov. 1, 2010.  The order was mailed to Powell at the Duane Avenue address but was returned undelivered and marked "no forwarding address."  Dkt. No. 42.  Defendants counsel indicate that they too have had mail sent to Powell at this address beginning at or about the same time

---

[2]Defendants' counsel believe that this address may be a rehabilitation facility.

[3]The record indicates a third address utilized by Powell at 320 Veeder Avenue, Schenectady, New York 12307.  Dkt. No. 20 at 2 ("Veeder Avenue address").

3

returned undelivered and indicating no forwarding address.  To date, therefore, Powell has

failed to take any action to prosecute this case since he filed a motion for the appointment

of counsel on July 30, 2010, he has failed to notify the Court or opposing counsel of the

change of his address, and he failed to appear for his deposition.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action for a plaintiff's sustained

failure to prosecute the action.  See West v. City of New York, 130 F.R.D. 522, 524

(S.D.N.Y. 1990); see also N.D.N.Y.L.R. 41.2(a) ("Whenever it appears that the plaintiff has

failed to prosecute an action or proceeding diligently, the assigned judge shall order it

dismissed. . . .").  In determining whether to dismiss an action on this ground, a court should

consider the duration of a plaintiff's failures, whether the plaintiff has received notice that

further delays would result in dismissal, whether the defendant was likely to be prejudiced

by further delay, a balancing of the court's need to alleviate calendar congestion with a

party's right to due process, and the efficacy of lesser sanctions.  See Patterson v.

Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y.

1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y. 1995).  Under, N.D.N.Y.L.R.

41.2(a), "[i]n the absence of an order by the assigned judge or magistrate judge setting any

date for any pretrial proceeding or for trial, the plaintiff's failure to take action for four (4)

months shall be presumptive evidence of lack of prosecution.

Here, Powell has failed to take any action in this case for over six months.  His

failures have made it impossible for defendants to obtain necessary information to discover

the bases for Powell's claims or to formulate and support defenses.  It has also been

impossible to confront Powell with his failures because he has provided no method to

contact him.  In these circumstances, the conclusion is compelled that Powell has

4

abandoned this action and that the only remedy available is dismissal of the action.

Moreover, Powell's failure to advise the Court of his new address also indicates that he has abandoned this action.  "Litigants have a continuing obligation to keep the court informed of any change of address that may occur during the pendency of an action." Michaud v. Williams, No. 98CV1141LEKGLS, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999); see also N.D.N.Y.L.R. 10.1(c)(2) ("**All . . . *pro se* litigants must immediately notify the Court of any change of address.**  Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action." (emphasis in original), 41.2(b) ("Failure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."); Fenza v. Conklin, 177 F.R.D. 126 (N.D.N.Y.1998) (Pooler, J.).  Consequently, Powell's failure here provides an additional and alternative basis is for dismissal. See Fenza, 177 F.R.D. at 127.

Finally, Powell also failed to appear for his properly noticed deposition.  Under Fed. R. Civ. P. 37(d)(1)(A)(I) and (3), such failure subjects Powell to sanctions which may include dismissal of the action.  For the reasons discussed above, the only meaningful sanction available in these circumstances is dismissal of the action given Powell's abandonment of the action and other omissions.  Accordingly, in the alternative, this action should also be dismissed on this ground.

WHEREFORE, it is hereby

**RECOMMENDED** that this action be **DISMISSED** as to all claims and all defendants; and

5

**IT IS ORDERED** that the Clerk shall serve a copy of this report-recommendation upon Powell at the following addresses by certified mail, return receipt requested:

 1. 857 Strong Street, Schenectady, New York 12307;

 2. 428 Duane Avenue, Schenectady, New York 12304; and

 3. 320 Veeder Avenue, Schenectady, New York 12307.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT-RECOMMENDATION WITHIN FOURTEEN (14) DAYS OF ITS RECEIPT WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  February 4, 2011
   Albany, New York

              _David R. Homer_

            United States Magistrate Judge